**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARYJO SALAMONE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-5856 (GEB) |
| CARTER'S RETAIL, INC., | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

RECEIVED
MAR - 5 2010
AT 8:30 _____ M
WILLIAM T WALSH
CLERK

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for leave to file a first amended complaint and to remand to state court for lack of subject matter jurisdiction filed by plaintiff MaryJo Salamone ("Salamone" or "plaintiff") (Doc. No. 12.) The motion is opposed by Carter's Retail, Inc. ("Carter's" or "defendant"). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Court will deny the plaintiff's motion and the matter will not be remanded to state court.

**I.      BACKGROUND**

Plaintiff filed this matter in the Superior Court of New Jersey, Law Division, Monmouth County, on October 6, 2009. (Doc. No. 1.) In lieu of answering, defendant removed the case to Federal Court on November 16, 2009. Plaintiff now seeks to amend her complaint to assert

1

claims against a former employee of the defendant, Kelly Godown. The addition of this nondiverse defendant will destroy diversity jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Because the destruction of diversity jurisdiction will require remand to state court, the plaintiff must seek leave to file her amended complaint. FED. R. CIV. P. 15(a)(2).

Plaintiff MaryJo Salamone is alleged in her complaint to be a citizen of the State of New Jersey, residing at 11 Partners Lane, Freehold, New Jersey. (Compl. ¶ 1; Doc. No. 1.) Defendant is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 1000 Bridgeport Avenue, Shelton, Connecticut. (Not. of Removal at ¶ 1.)

This case arises out of the alleged wrongful termination of plaintiff by defendant for timecard fraud. (Compl. at ¶ 4.) In her proposed amended complaint, plaintiff alleges claims against Kelly Godown, a resident of New Jersey. Certification of Timothy P. Smith in Support of Motion for Leave to Amend, dated December 21, 2009 ("Smith Cert."), ¶ 4. Ex. A (Proposed Amended Compl.) at ¶¶ 51-70. It is alleged that Godown was plaintiff's immediate supervisor during the times relevant to this action. (*Id.* at ¶ 6.) Plaintiff further alleges that Godown engaged in intentional misconduct that led to plaintiff's suspension and ultimately her termination. (*Id.* at ¶¶ 59-60.)

## II. DISCUSSION

### A. Standard of Review

Courts are authorized to "permit joinder of a non-diverse party to a removed case, even if that joinder would then require the Court to remand the action back to state court." *City of Perth*

*Amboy v. Saveco Ins. Co.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008); *see also* 28 U.S.C. § 1447(e). In analyzing questions of joinder under 28 U.S.C. § 1447(e), district courts in this Circuit regularly apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989). *See, e.g., City of Perth* Amboy, 539 F. Supp at 752 (D.N.J. 2008); *Doe No. 4 v. Society for Creative Anachronism, Inc.*, Nos. 07-1439, 07-1440, 2007 U.S. Dist. LEXIS 53644, 2007 WL 2155553, at *3 (E.D. Pa. July 23, 2007); *Bretan v. Knowledge Learning Corporation*, No. 06-1456, 2006 U.S. Dist. LEXIS 57286, 2006 WL 2376743, at *2 (D.N.J. August 15, 2006); *Mersmann v. Continental Airlines*, 335 F. Supp. 2d 544, 547 (D.N.J. 2004), *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 357 (D.N.J. 1998); *Carter v. Dover Corp.*, 753 F. Supp. 577, 579 (E.D. Pa. 1991).[1] The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *See* 833 F.2d at 1182. Against this backdrop, the Court considers the factors.

    **B.**    **Analysis of the Hensgens Factors**

        1.    *The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction*

The first *Hensgens* factor is whether the purpose of the amendment is to defeat federal

---

[1] The parties agree that the Court's analysis should be guided by *Hensgens* and do not argue that Federal Rules of Civil Procedure 19 and 20 apply. (Pl.'s Reply Br. at 3; Doc. No. 20.) The reason is clear: "Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as . . . providing for a flexible, broad discretionary approach of the type prescribed in [Hensgens]." *Gilberg*, 24 F. Supp. 2d at 357 (citing *Carter*, 753 F. Supp. at 579).

3

jurisdiction, or if the plaintiff has legitimate reasons for the amendment. "Generally, if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *City of Perth* Amboy, 539 F. Supp at 754.

Here, plaintiff argues that she "intends to pursue the claims of wrongful termination and age discrimination against Godown and will file a separate action in state court, if necessary." (Pl.'s Br. at 4; Doc. No. 13.) They further argue that because plaintiff's claims against Godown individually are in good faith, no improper motive exists. Defendants argue that plaintiff is not motivated by good faith claims against Godown. (Def.'s Br. at 7; Doc. No. 17.) Defendants note that plaintiff was aware of Godown since her termination on October 31, 2008, but declined to include her as a defendant in her original Complaint of October 6, 2009. (*Id.*)

Plaintiff knew of Godown's alleged wrongful actions on the date that she was terminated, yet did not seek to add her to this lawsuit until after the case was removed to federal court. "[I]n cases in which it was apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity." *Norplant Contraceptives Prod. Liab. Litig.*, 898 F.Supp. 429, 431 (E.D. Tex. 1995). The first *Hensgens* factor weighs against allowing the amendment.

### 2. Whether Plaintiff has Been Dilatory in Asking for Amendment

The second factor is whether the plaintiff has been dilatory in asking for amendment. Plaintiff filed the motion for leave to file an amended complaint on December 22, 2009 - 37 days

4

after the matter was removed to Federal Court on November 16, 2009. Plaintiff also notes that the parties have not exchanged initial disclosures or begun discovery. (Pl.'s Br. at 5; Doc. No. 13.) Defendant argues that plaintiff has been aware of Godown's acts since plaintiff's termination, and thus plaintiff has been dilatory in requesting an amendment. The Court agrees with defendant that plaintiff has been dilatory in requesting an amendment. Therefore, the second *Hensgens* factor also weighs against allowing the amendment.

3.  *Whether Plaintiff Will be Significantly Injured if Amendment is Not Allowed*

The third *Hensgens* factor is whether the denial of plaintiff's request for an amendment will significantly injure her. Plaintiff argues that if the amendment is denied, she will "be forced to file a separate action in state court against Godown, which will involve the same issues and subject matter as this suit." (Pl.'s Br. at 5; Doc. No. 13.) Defendant argues that forcing plaintiff to pursue Godown in state court is not a significant injury. (Def.'s Br. at 9; Doc. No. 17.)

The Court agrees with the defendant that maintaining concurrent federal and state actions arising out of the same series of transactions would not be a significant injury. The only case cited on point, *City of Perth Amboy*, involved defendants that were jointly and severally liable to one another. 539 F. Supp. 2d at 750. To deny the addition of a defendant in that case would have required the state court to interpret the terms of the contract, determine the breaching party, and ascertain the proper damages all while concurrent federal litigation was progressing. *Id.* at 749. Here, the defendants are not jointly and severally liable to one another, and a separate suit against Godown in state court would not involve construction of a contract.

4.  *Any Other Factors Bearing on the Equities*

In their briefing on this fourth factor, the parties essentially re-hash the arguments already made for the first three factors. Further, the Court cannot see any other equitable reasons why the amendment should be allowed.

### III. Conclusion

For the reasons stated herein, the Court will deny the plaintiff's motion for leave to file a first amended complaint. An appropriate form of order is filed herewith.

Dated: March 4, 2010

GARRETT E. BROWN, JR., U.S.D.J.