**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      )
MARYJO SALAMONE,                      )
                                      )
            Plaintiff,                )    Hon. Garrett E. Brown, Jr.
                                      )
        v.                            )    Civil Action No. 09-5856 (GEB)
                                      )
CARTER'S RETAIL, INC.,                )    **MEMORANDUM OPINION**
                                      )
            Defendant.                )
_____)

**BROWN, Chief Judge:**

      This matter comes before the Court on the appeal (Doc. No. 36) filed by Defendant Carter's Retail, Inc. ("Carter's") from Magistrate Judge Douglas E. Arpert's January 28, 2011 opinion and order (Doc. No. 35, hereinafter "January 28 Order") denying Carter's Motion for a Protective Order. For the following reasons, the Court will affirm Magistrate Judge Arpert's order and deny Carter's appeal.

**I.     BACKGROUND**

      In his January 28 Order, Magistrate Judge Arpert considered Carter's Motion for a Protective Order with respect to Plaintiff MaryJo Salamone's Interrogatory Nos. 19 and 25. Plaintiff filed her Complaint in state court on October 6, 2009, which Defendant subsequently removed to this Court. (January 28 Order at 1; *see also* Doc. No. 1.) Plaintiff's Complaint alleges: (1) wrongful termination in violation of company policy; (2) age discrimination and disability discrimination in violation of the New Jersey Law Against Discrimination; and (3) defamation. (January 28 Order at 1; *see also* Compl.) Specifically, Plaintiff alleges that

Defendant's listed reason for termination was "timecard fraud," when she was "working off the clock, or working about five hours without charging Defendant for her time[.]" (*Id.* at 2 (internal quotations omitted); *see also* Compl. ¶ 15.)

In his January 28 Order, Magistrate Judge Arpert began his analysis by noting that to prove a claim of age discrimination under the NJLAD, a plaintiff "may show that similarly situated individuals outside the plaintiff's class were treated more favorably." (January 28 Order at 18 (quoting *Grassmyer v. Shred-It USA, Inc.*, 2010 WL 3330102, at *8 (3d Cir. 2010)) (additional citations omitted).) Magistrate Judge Arpert stated that "Courts have developed 'case-specific definitions'" to determine who is deemed a "similarly situated employee." (*Id.*) Further, Magistrate Judge Arpert found that, in general, "the applicable discovery parameters must be broader than the specific individualized facts upon which . . . claims are based because of the nature of the proofs required to demonstrate unlawful discrimination which may often be indirect or circumstantial. (*Id.* at 19 (quoting *Rodriquez v. Am. Tel. & Telegraph Co.*, 1991 U.S. Dist. LEXIS 296, at *5–6 (D.N.J. 1991)) (additional citation omitted).) After considering Plaintiff's specific claim in this case, Magistrate Judge Arpert held that "'similarly situated individuals' in this litigation include Defendant's employees who were required to comply, and were disciplined or terminated for failing to do so, with the same timekeeping policies applied with respect to Plaintiff's termination." (*Id.*) Previously, Magistrate Judge Arpert had limited discovery to the disciplinary records of Defendant's East region, which consists of 119 stores spanning 12 Northeast and Mid-Atlantic states. (*See id.* 10, 20.)

Defendant now appeals, arguing that Magistrate Judge Arpert's interpretation of Interrogatory Nos. 19 and 25 and definition of a "similarly situated employee" is too broad in scope. (Def.'s Br. at 1.) Defendant argues that, although Magistrate Judge Arpert narrowed the

2

geographical scope of Plaintiff's discovery request, the expansion of the subject matter of the discovery "greatly increase the time and effort that would be required to comply with [the January 28 Order]." (*Id.* at 2.) More specifically, Defendant seeks relief from the January 28 Order on the grounds that: "(1) Plaintiff's discovery requests exceed all reasonable bounds of who can be considered 'similarly situated' to Plaintiff for making out a claim of age discrimination, and include individuals who have different supervisors, who work in different jobs in different locations; and (2) it would be burdensome, oppressive, and unreasonable to require [Defendant] to provide the requested information." (*Id.*)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions. On appeal, a district court may modify or set aside a magistrate judge's non-dispositive order if the ruling was "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F.Supp.2d 761, 764 (D.N.J. 2000)). "A magistrate judge's ruling on a non-dispositive matter such as a discovery motion is 'entitled to great deference and is reversible

only for abuse of discretion.'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 433-34 (D.N.J. 2009) (quoting *Kresefsky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)). This deferential standard "is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings." *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *4 (D.N.J. Oct. 27, 2006). "An abuse of discretion occurs: when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." *Leap Sys., Inc. v. Moneytrax, Inc.*, No. 05-1521, 2010 WL 2232715, at *3 (D.N.J. June 1, 2010) (internal quotations and citations omitted).

After careful consideration of Magistrate Judge Arpert's Order denying Defendant's motion for a protective order, and the parties' briefing on appeal, this Court concludes that Magistrate Judge Arpert did not abuse his discretion. Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [and] the court may order discovery of any matter relevant to the subject matter involved in the action." This relevancy standard has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[S]ince the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, the determination of relevance is within the district court's discretion." *Barnes Found. v. Twp. of Lower Merion*, No. 96-372, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996); *see also DeMasi v. Weiss*, 669 F.2d 114, 122 (3d Cir. 1982).

Magistrate Judge Arpert had previously narrowed the scope of Plaintiff's discovery requests, "tailor[ing them] to the specifics of the case." (*Id.* at 20.) Initially, Plaintiff sought

4

information on "any and all other employees who were terminated by [Defendant] within one year before or after October 31, 2008" and "any and all other employees who were either terminated for timecard fraud or who were over age forty and who were terminated by [Defendant] for any other reason within one year before or after October 31, 2008." (*Id.* at 4.) Magistrate Judge Arpert narrowed the geographical scope of Plaintiff's discovery request to the stores and employees located within Defendant's East Region, and defined "similarly situated employees" to mean "full-time employees who worked as store managers, assistant managers, sales associates, stock associates, and supervisors who were disciplined or terminated for 'working off the clock,' 'timecard fraud,' and/or any other timekeeping infraction." (*Id.* at 20.) Defendant argues that Magistrate Judge Arpert disregarded a crucial aspect to the definition of a "similarly situated employee." (Def.'s Br. at 8.) Defendant contends that the proper definition of a "similarly situated employee" consists of those who "(1) dealt with the same supervisor, (2) [has] been subject to the same standards, (3) and [has] engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." (*Id.* at 7 (quoting *Geaney v. Computer Sciences Corp.*, No. 03-2945, 2005 WL 1387650, at *3 (D.N.J. 2005)).) Therefore, Defendant maintains that Magistrate Judge Arpert, in not limiting the discovery request to those employees who reported to the same supervisor, unreasonably enlarged the scope of discovery. (*Id.* at 8.) However, Magistrate Judge Arpert correctly pointed out that courts within the Third Circuit have "developed case-specific definitions" of a "similarly situated employee" in employment discrimination cases. (January 28 Order at 18 (collecting cases).) Further, Magistrate Judge Arpert did not err in finding that the applicable scope of discovery must be broader in the context of unlawful discrimination cases such as this, because plaintiffs often rely on "indirect or circumstantial" proof of discrimination.

5

(*Id.* at 19–20.) The Court specifically notes that one of Plaintiff's claims expressly challenges her termination under the corporate disciplinary policy. (Compl. Ct. I.) Thus, the scope of Plaintiff's Complaint exceeds the limited circumstances of her termination at a particular store, and invites inquiry into Defendant's broader application of its corporate disciplinary policies. In light of this claim, the Court agrees with Magistrate Judge Arpert that Carter's treatment of other employees subject to the same time-keeping requirements is relevant.

The Court concludes that Magistrate Judge Arpert did not abuse his discretion in concluding that "the probative value of production [under this definition of a 'similarly situated employee'] outweighs the burden and/or expense imposed as a consequence thereof." (January 18 Order at 21.) Magistrate Judge Arpert properly tailored the discovery to the circumstances of this case by limiting the geographic scope of the discovery. Because Defendant failed to demonstrate that the January 28 Order was clearly erroneous, contrary to law, or an abuse of discretion, the Court will affirm Magistrate Judge Arpert's decision and deny Defendant's appeal.

### III. CONCLUSION

For the foregoing reasons, this Court will affirm Magistrate Judge Arpert's January 28, 2011 Order (Doc. No. 35) and deny Defendant's appeal (Doc. No. 36). An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 14, 2011

                                         /s/ Garrett E. Brown, Jr.
                                 GARRETT E. BROWN, JR., U.S.D.J.