<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

MARYJO SALAMONE,                                     :

      Plaintiff,                                  :          Civil Action No. 09-5856 (FLW)

      v.                                          :

                                   **OPINION**

CARTER'S RETAIL, INC..,

                                 :

      Defendant.                                  :
_____

**WOLFSON, United States District Judge:**

Presently before the Court is Plaintiff Maryjo Salamone's ("Plaintiff") appeal of the Magistrate Judge's September 7, 2011 Order in which he granted in part and denied in part Plaintiff's Motion to Compel Discovery as untimely and lacking good cause.  Plaintiff was employed as a manager by Carter's Retail Inc. ("Carter's" or "Defendant") until October 2008 when she was terminated. This case arises out of a complaint by Plaintiff alleging that Defendant  wrongfully terminated her on the basis of age and disability and defamed her. The instant appeal concerns the Magistrate Judge's denial of a request for discovery regarding "similarly-situated employees located anywhere in the United States who were terminated or disciplined for 'timecard fraud' or 'working off the clock' within one year before and after" Plaintiff's termination.  Pl's Mot. to Compel at 12.   For the reasons that follow, the Court denies Plaintiff's appeal of the Magistrate Judge's September 7, 2011 Order.

    **I.   Facts and Procedural History**

This case has an extensive procedural history; only those proceedings relevant to the

1

instant motion are addressed below.[1]

Beginning in or around 1995, Plaintiff was employed by Carter's.  Compl. ¶ 1. Specifically, Plaintiff was employed as a manager at various stores of Defendant in New Jersey.  Id. ¶ 3.  Plaintiff was terminated on October 31, 2008.  Id. ¶ 4.

On October 6, 2009, Plaintiff filed a complaint in state court alleging that Defendant "wrongfully terminat[ed] her in violation of company policy," discriminated against her on the basis of age and disability in violation of the New Jersey Law Against Discrimination, and slandered/defamed her.  Jan. Mag. Op. at 1.  Specifically, Plaintiff alleges that Defendant terminated her "for working off the clock, or working about five hours without charging Defendant for her time" and then replaced Defendant with a "younger, less experienced employee." Id. at 2 (citing Pl.'s Opp'n Br. at 1).  Defendant subsequently removed the Complaint to the United States District Court for the District of New Jersey.  Id. at 1.

Plaintiff theorizes that Defendant used "working off the clock" or "timecard fraud" as a pretext for its wrongful termination.  Id. at 19.  Specifically, "Plaintiff seeks to show that other similarly situated individuals who committed timekeeping violations were subject to progressive discipline rather than termination and thereby attempt to create an inference of Defendant's discrimination against Plaintiff."  Id. at 20.

On April 14 and June 3, 2010, respectively, the Magistrate Judge issued Scheduling Orders, setting forth, in relevant part, discovery guidelines.  Id. at 4–5.  Plaintiff notified the Magistrate Judge of the parties' discovery dispute in a letter dated September 16, 2010.  Id. at 5.  Specifically, Carter's sought to limit discovery to employees in New Jersey while Plaintiff proposed nationwide discovery.  Pl.'s Sept. 16, 2010 letter, ECF 46-2 at 23–24.  The Magistrate Judge conducted two case management conferences to address the dispute.  Jan.

---

[1]The Magistrate Judge issued two discovery orders in this case—one on January 28, 2011 and another on September 7, 2011.  The parties do not dispute the court's findings in the January 28, 2011 Order.  The Orders are referenced below as "Jan. Mag. Op." or "Sep. Mag. Op."

Mag. Op. at 5.  The parties later disagreed as to what the court directed at those conferences, culminating in Defendant filing a Motion Seeking a Protective Order on December 10, 2010. Id. at 5–6.

On January 28, 2011, the Magistrate Judge denied Defendant's Motion for a Protective Order.  Id.. at 21.  In the Opinion, the court formalized its definition of "similarly situated individuals" to include Carter's full-time "store managers, assistant managers, sales associates, stock associates, and supervisors who were disciplined or terminated for 'working off the clock,' 'timecard fraud,' and/or any other timekeeping infraction."  Id. at 20.  The court noted that "similarly situated individuals" generally included "Defendant's employees who were required to comply, and were disciplined or terminated for failing to do so, with the same timekeeping policies applied . . . [in] Plaintiff's termination."  Id.  The court also "narrowed the scope of Plaintiff's requests to include only the East Region of Defendant's operations with the possibility of an expansion of scope dependant upon what that discovery demonstrates."  Id. (emphasis added).  Importantly, the East Region "consists of 119 retail stores across 12 states in the Northeast and Mid-Atlantic."  Id. at 10.  On April 14, 2011, the Honorable Garrett E. Brown affirmed the Magistrate Judge's Order and Opinion.[2]  Salamone v. Carter's Retail, Inc., 2011 U.S. Dist. LEXIS 41357, at *6 (D.N.J. Apr. 14, 2011).

On May 3, 2011, the Magistrate Judge issued a Case Management Order requiring that discovery conclude by June 30, 2011.  The Magistrate Judge also scheduled a Case Management Conference for July 25, 2011, which was later changed to July 26, 2011.

In accordance with the January Order, Defendant filed a second supplemental response to Plaintiff's interrogatories on June 1, 2011, stating that out of 119 stores in the East Region, Carter's had disciplined or discharged three employees, including Salamone, between October 31, 2007, and October 31, 2009, for working off the clock, timecard fraud,

---

[2]On June 13, 2011, this case was reassigned from Judge Brown (retired)  to this Court.

and/or other timekeeping infractions.   Def.'s Response to Interrogatories, ECF 51-5 at 1–2.

On June 22 and 23, 2011, Plaintiff deposed three Carter's employees – Susan Roselli ,

Michelle Gaby and Kelly Godown –  who Defendant had designated as Rule 30(b)(6)

witnesses.  Pl.'s Br., ECF 50-1 at 4.  During these depositions, Plaintiff alleges that she

learned, for the first time, that Defendant had treated a similarly-situated employee outside

the East Region differently than Plaintiff.  Id. at 4–5, 13.[3]  Moreover, Plaintiff contends that

she also learned, for the first time, that Defendant enforced its discipline policy nationwide.[4]

Id.  Despite learning this information on June 22 and June 23, 2011, Plaintiff took no action

regarding this information prior to the close of discovery on June 30, 2011.  Id. at 5.

     At the July 26, 2011 Case Management Conference with the Magistrate Judge, more

than a month after the 30(b)(6) depositions, Plaintiff raised with the court, for the first time,

the information that she allegedly learned during the June depositions.  Id.  At that time, the

court granted Plaintiff leave to file a Motion to Compel Documents related to the termination

of similarly-situated employees throughout the United States.  Id.  Plaintiff filed her Motion

to Compel on August 5, 2011 seeking: (1) to take deposition of additional 30(b)(6) witnesses;

and (2) national discovery regarding similarly situated employees.

     In an Order dated September 7, 2011, the Magistrate Judge denied the portion of

Plaintiff's Motion seeking nationwide discovery.  Specifically, the Magistrate Judge noted

that fact discovery had concluded on June 30, 2011, and that the Motion to Compel was not

filed until August 5, 2011.  Further, the court noted that "although it had previously provided

---

[3]For example, Carter's Human Resources Manager Michelle Gaby testified that she had found "that there were a few people that had been terminated for time keeping"outside the East Region including one employee in St. Augustine, Florida , a store located in the South region.  Gaby Dep. 141:8-17, 142:6-20.

[4]Specifically, Carter's Human Resources Manager Michelle Gaby testified that Laura Sturtevant, a Human Resources Manager had the "ultimate say" regarding "the termination. . .of Carter's employees for working off the clock."  Gaby Dep., 24:9-25:4, 148:20-149:1.  In addition, Gaby also testified that Carter's "progressive policy approach" was to be applied consistently throughout the company.  Id.. 35:25-36:18.

Plaintiff 'with the possibility of [seeking] an expansion of [the] scope of discovery as to Defendant's nationwide records related to similarly situated individuals' . . . Plaintiff failed to raise [the issue of nationwide discovery] until after discovery concluded and has failed to demonstrate good cause for modification of the Court's Revised Scheduling Order." Sep. Mag. Op. at 3. The Magistrate Judge, however, granted Plaintiff's request to extend discovery to complete depositions of Carter's 30(b)(6) witnesses, limiting the scope of questioning to the search for similarly-situated employees in the East Region and Carter's progressive discipline policy. Id. at 1–2, 4. Plaintiff now appeals the Magistrate Judge's September Order denying nationwide discovery.

## II. Standard of Review

A Magistrate Judge's decision is to be overturned only to the extent that the ruling is "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). Moreover, "[a] ruling is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006) (citing Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire &

Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) (citations omitted).  Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently.  Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).

Where an appeal seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the "abuse of discretion standard" must be applied.  Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J.2008) ("[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."); see also Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir.2000) (discovery orders reviewed for abuse of discretion). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."  Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir.1976).

There is "particularly broad deference given to a magistrate judge's discovery rulings."  Farmers & Merchants Nat. Bank v. San Clemente Financial Group Securities, Inc., 174 F.R.D. 572, 585 (D.N.J.1997).  Federal Rule of Civil Procedure 26(b)(2)(C) grants the Court considerable authority to limit a party's pursuit of otherwise discoverable information where the burden of a discovery request is likely to outweigh the benefits. The Court is directed to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

6

burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." See also Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir.1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed ... The Federal Rules of Civil Procedure expressly allow a district court to use its discretion and deny discovery requests if the material sought is 'unreasonably cumulative.') (internal citations omitted).

Initially, the Court notes that although Plaintiff appears to argue that the Magistrate Judge's decision regarding discovery was erroneous and/or contrary to law, it is clear that the "abuse of discretion" standard applies here. See, e.g., Mane Fils S.A. v. Int'l Flavors & Fragrances Inc., No. 06–2304, 2008 WL 4606313, *3 (D.N.J. Oct.15, 2008) ("[w]here the appeal seeks review of a matter within the broad discretion of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, is applied." ); see also Eisai Co., Ltd., 629 F.Supp.2d at 433–34 (noting that a magistrate judge's ruling on non-dispositive matters such as discovery motions are "entitled to great deference and [are] reversible only for abuse of discretion.") (quoting Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996)); Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J.1998); Env't Tectonics Corp., Int'l v. W.S. Kirkpatrick & Co., Inc., 659 F.Supp. 1381, 1399 (D.N.J.1987), mod., 847 F.2d 1052 (3d Cir.1988), aff'd, 493 U.S. 400, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990).

### III.   Analysis

In this appeal, Plaintiff alleges that the Magistrate Judge abused his discretion when he denied Plaintiff's request for nationwide discovery.  Specifically, Plaintiff argues that the Magistrate Judge erred because Plaintiff's motion for nationwide discovery was timely and was supported by good cause.  As a result, Plaintiff asks this Court to reverse the Magistrate Judge's decision and require Carter's to produce nationwide records of similarly-situated employees who were terminated or disciplined for working off the clock, timecard fraud, and/or any other timekeeping infraction within one year of Plaintiff's termination.

First, Plaintiff appears to argue that the Magistrate Judge erred in determining that Plaintiff's motion was not timely.  Pl's Br. at 9.  Specifically, Plaintiff argues that she only learned during depositions that occurred on June 22 and 23, 2011 – 5 days before the close of discovery – that employment decisions, similar to the termination at issue in this matter, were made on a national rather than a regional basis.  Thus, Plaintiff argues that she timely raised the issue with the Magistrate Judge at the case management conference on July 26, 2011. Moreover, Plaintiff relies on the Magistrate Judge's January Order, which provided for "the possibility of an expansion of scope [of discovery] depend[ing] upon what discovery demonstrates." Jan. Mag. Op. at 20.

It is undisputed that Plaintiff became aware of her desire to extend discovery no later than June 22 and 23, 2011—one week before the scheduled conclusion of discovery. However, Plaintiff did not provide any explanation to the Magistrate Judge or this Court as to why she failed to file a motion or otherwise inform the court of this allegedly new information prior to the close of discovery.   Indeed, Plaintiff did not provide any explanation for why she waited until the scheduled conference with the Magistrate Judge, more than a month after the conclusion of discovery, to raise this issue.  Thus, the Magistrate Judge did

not abuse his discretion in finding that Plaintiff's Motion to Compel nationwide discovery was untimely.  See, e.g., Schmidt v. Mars, Inc., 2011 U.S. Dist. LEXIS 63961, *8-9 (D.N.J. June 13, 2011)(holding that the Magistrate Judge did not abuse her discretion when she found that a Motion to Compel filed one day after the close of discovery was untimely).

Further, to the extent Plaintiff argues that the Magistrate Judge's January 20 Order required an expansion of the scope of discovery, the Court does not agree.  Indeed,  contrary to Plaintiff's assertions, the January Order merely provided for "the possibility of an expansion of scope [of discovery]." Jan. Mag. Op. at 20 (emphasis added).   Nothing in the Order guaranteed an expansion of the scope ordered, and nothing in the Order even suggests that Plaintiff could file a discovery motion after the close of discovery.  For these reasons, the Court finds that the Magistrate did not abuse his discretion in finding that Plaintiff's August 5 Motion to Compel was not timely.

Next, Plaintiff contends that the Magistrate Judge wrongfully decided that there was no good cause to expand the scope of discovery.  It is well-established that a court has discretion to issue a Scheduling Order to set discovery guidelines, and to modify that order upon a showing of good cause. Fed. R. Civ. P. 16(b)(1) and (4); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1522.1; see Prudential Ins. Co. of Am. v. U.S. Gypsum Co., 146 F.Supp. 2d 643, 661 (D.N.J. 2001).  In support of this argument, Plaintiff relies on allegedly inaccurate representations made by Defendant concerning the application of its employment policies and the identities of the employees involved in making employment decisions.  In addition, Plaintiff argues that by denying her motion, the Magistrate Judge "rewarded Defendant's delay tactics and unfairly prejudiced Plaintiff's case due to a mere thirty-five day delay." Pl. Br. at 10.   The Court does not agree.

Initially, to the extent that Plaintiff argues that good cause existed because Defendant

made inaccurate representations regarding the enforcement of its disciplinary policy, Plaintiff
has provided nothing in support of this assertion. Indeed, Plaintiff has not identified any
specific misrepresentations made by Defendant and, instead, appears to rely on the deposition
testimony of Ms. Gaby to demonstrate that Ms. Sturtevant, the Vice President of Human
Resources, had a role in approving terminations nationally. Contrary to Plaintiff's
characterization of Ms. Gaby's testimony, however, a review of the testimony demonstrates
that, at the most, Ms. Sturtevant had a limited oversight role in terminating employees.
Gaby Dep. 25-28. This limited oversight role does not merit a reopening and expanding of
discovery from 119 stores in the Eastern region to an expansive nationwide discovery effort.
Finally, even if Plaintiff had been able to support its assertion regarding allegedly inaccurate
representations made by Defendant, as discussed above, Plaintiff learned about these alleged
representations, at the latest, on June 22 and 23, 2011, five days before the close of
discovery. Thus, I find that the Magistrate Judge did not abuse his discretion in finding that
Plaintiff failed to demonstrate good cause to modify the Scheduling Order.

Moreover, to the extent that Plaintiff relies on Stillman v. Staples, Inc., Civ. A. No.
07-849, 2009 WL 1437817 (D.N.J. May 15, 2009) for the proposition that fairness and
justice can substitute for good cause to open discovery, Stillman is easily distinguishable
from the matter before me. In Stillman, plaintiff had made a demand for certain information
during discovery and defendant had agreed to provide the relevant information. However,
during discovery defendant failed to provide the information and plaintiff failed to pursue the
information before the close of discovery. Subsequently, the court exercised its discretion to
reopen discovery by finding that "fairness, finality and the need to avoid a miscarriage of
justice required that discovery be reopened," and required that the information be produced
after the close of discovery. Id. at *4.

Conversely, in the instant matter, Defendant never agreed to provide the information Plaintiff now seeks – either during or after the close of discovery.  Indeed, the Magistrate Judge had previously ruled that Plaintiff could not seek nationwide discovery and had limited the scope of discovery to the Eastern Region.  Moreover, as in Stillman, the Magistrate Judge here considered the parties' arguments regarding Plaintiff's renewed request for nationwide discovery and exercised his discretion to decide such a request.  Thus, in the absence of anything in the record to demonstrate that the Magistrate Judge's decision was "arbitrary, fanciful or unreasonable," Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir.1976), I find that the Magistrate Judge did not abuse his discretion in denying Plaintiff's request for nationwide discovery.

**IV.   Conclusion**

For the foregoing reasons, the Court denies Plaintiff's appeal and finds that the Magistrate Judge did not abuse his discretion denying Plaintiff's request for nationwide discovery. An order will be entered consistent with this Opinion.

Dated: March 9, 2012                                    /s/ Freda L. Wolfson

                                                        Freda L. Wolfson, U.S.D.J.